UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JOVI A. FORTUNO,**<br><br>Plaintiff,<br><br>vs.<br><br>**YPL ENTERPRISE, LLC, d/b/a Q Korean Steakhouse and YEN PO LIU,**<br><br>Defendants. | Civil Action No. _____ |

# COMPLAINT

Plaintiff Jovi A. Fortuno herein asserts claims against Defendant YPL Enterprise, Inc., d/b/a Q Korean Steakhouse and Yen Po Liu for due but unpaid minimum and overtime wages and for fraudulent filing of tax information returns, showing the Court as follows:

## Introduction

1. In this Fair Labor Standards Act action, 29 U.S.C. 201 *et seq.*, Plaintiff, a restaurant server, seeks to recover unpaid minimum and overtime wages from his employers that resulted from a kickback scheme in which Plaintiff was required to pay large nightly fees to Defendants calculated as a percentage of the sales he made that were paid by credit card.

2. Plaintiff brings an additional claim for fraudulent filing of tax information returns in violation of 26 U.S.C. § 7434, in connection with IRS Forms W-2 filed by Defendant YPL misrepresenting his earnings from 2019 and 2020.

3. Plaintiff is contemporaneously providing a copy of this Complaint to the Internal Revenue Service as required by 26 U.S.C. § 7434(d).

## Jurisdiction and Venue

4. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because Defendants conduct business in this judicial district and division, its principal office address is in this district and division, and the Individual Defendant resides within this judicial district and division.

## Parties

6. Plaintiff is a natural person residing in Muscogee County, Georgia.

7. Defendant YPL Enterprise, Inc., d/b/a Q Korean Steakhouse is a domestic corporation existing under the laws of the State of Georgia. YPL may be served with process via service on its registered agent Yen Po Liu at 7435 Ledgewood Way, Suwanee, Fulton County, Georgia, 30024.

8. YPL is subject to the personal jurisdiction of this Court.

9. Defendant Yen Po Liu is a natural person and may be served with process at his residence in Suwanee, Fulton County, Georgia, or wherever he may be found.

10. Defendant Liu is subject to the personal jurisdiction of this Court.

## Enterprise Coverage Under the FLSA

11. At all relevant times, two more employees of YPL, including Plaintiff, used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: foodstuffs, liquor, beer, kitchen equipment, chairs, tables, and paper products.

12. In 2019, YPL had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

13. In 2020 YPL had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

14. In 2021 YPL had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

15. During 2019, YPL had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

16. During 2020, YPL had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

17. During 2021, YPL had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

18. During 2019, YPL had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

19. During 2020, YPL had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

20. During 2021, YPL had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

21. During 2019, YPL was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

22. During 2020, YPL was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

23. During 2021, YPL was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

## Corporate Employer Under the FLSA

24. Defendants own and operate a business enterprise known as Q Korean Steakhouse (hereinafter "Q") with locations in Cumming, Forsyth County, Georgia, and Columbus, Muscogee County, Georgia.

25. Plaintiff has worked as a server at Q from approximately November 2019 through the present.

26. At all relevant times, Plaintiff has been an "employee" within the meaning of 29 U.S.C. § 203(e) in connection with his server work at Q as a matter of economic reality.

27. At all relevant times, YPL has been Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(d) as a matter of economic reality.

## Individual Employer Under the FLSA

28. At all relevant times, Liu has acted directly or indirectly in the interest of YPL in his interactions with Plaintiff, and he controlled the terms and conditions of Plaintiff's employment on a day-to-day basis.

29. Specifically, Liu was and is the owner, sole organizer, and registered agent of YPL, and at all relevant times has had the highest-level management authority at Q.

30. At all relevant times, Liu has had authority and exercised control over the finances and operations of Q.

31. At all relevant times, Liu had authority and control over YPL's common policy of requiring Plaintiff and other Q servers for whom it claimed the FLSA's tip credit to pay kickbacks to Q in the form of purported credit card processing fees.

32. At all relevant times, Liu has been an "employer" within the meaning of 29 U.S.C. § 203(d).

## FLSA Non-Exempt Status and FLSA Violations

33. At all relevant times, Defendants compensated Plaintiff at an hourly rate of approximately $2.15 per hour plus tips for his server work.

34. At all relevant times, Defendants required Plaintiff and other tipped Q servers to pay "credit card processing fees" each shift worked.

35. The "credit card processing fees" paid by Plaintiff to Defendants were calculated as a percentage of all credit card *sales* made by Plaintiff on a given shift.

36. The "credit card processing fees" paid by Plaintiff to Defendants were calculated at 4% of Plaintiff's nightly credit card sales.

37. The "credit card processing fees" paid by Plaintiff to Defendants exceeded the actual processing fees charged to Defendants by their merchant service providers for processing Plaintiff's tips that were paid by credit card.

38. The "credit card processing fees" paid by Plaintiff to Defendants were "kickbacks" within the meaning of 29 C.F.R. § 531.35, and in violation of the FLSA's requirement that minimum and overtime wages be paid "free and clear."

39. By charging Plaintiff these "credit card processing fees," Defendants violated the FLSA's tip credit provisions thereby destroying their ability to claim the tip credit with respect to Plaintiff's wages.

40. At all relevant times, Defendants were thus not entitled to utilize the FLSA's tip credit provision to credit Plaintiff's tips towards a portion of their minimum wage and overtime obligations.

41. In each workweek during the relevant time period, Defendants failed to compensate Plaintiff at or above the federal minimum wage of $7.25 per hour for each hour worked.

42. In numerous workweeks throughout the relevant time period, Plaintiff worked in excess of 40 hours per week.

43. In each relevant workweek, Defendants failed to compensate Plaintiff at or above one-and-one-half times his regular hourly rate for each hour worked in excess of 40 hours in a single workweek.

### Filing of Fraudulent Tax Information Returns

44. Throughout Plaintiff's employment at Q, the earnings shown on Plaintiff's paystubs reflected only his hourly rate of $2.15 per hour and his tips that had been paid by credit card, but omitted his cash tips.

45. Throughout Plaintiff's employment at Q, he was requested to report only his credit card tips.

46. Throughout Plaintiff's employment at Q, when Plaintiff attempted to report his cash tips, Defendants ignored those amounts and issued paystubs that did not include his cash tips.

47. In 2020, Defendants filed or caused to be filed an IRS Form W-2 with the IRS with respect to Plaintiff's earnings during 2019.

48. The IRS Form W-2 filed by Defendants with respect to Plaintiff's 2019 earnings was false and fraudulent because it only reflected Plaintiff's hourly rate of $2.15 per hour and Plaintiff's credit card tips, but omitted Plaintiff's cash tips.

49. In 2021, Defendants filed or caused to be filed an IRS Form W-2 with the IRS with respect to Plaintiff's earnings during 2020.

50. The IRS Form W-2 filed by Defendants with respect to Plaintiff's 2020 earnings was false and fraudulent because it only reflected Plaintiff's hourly rate of $2.15 per hour and Plaintiff's credit card tips, but omitted Plaintiff's cash tips.

51. Defendants intentionally and willfully filed or caused to be filed these fraudulent IRS Forms W-2 for the purpose of their own enrichment by

avoiding employer contributions to Plaintiff's Social Security and Medicare tax obligations.

### COUNT ONE – VIOLATION OF 29 U.S.C. §§ 206 AND 215 (MIMINIMUM WAGE)

52. At all relevant times, Plaintiff was an employee covered by the FLSA and entitled to the minimum wage protections set forth in 29 U.S.C. § 206(a).

53. At all relevant times, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the federal minimum wage.

54. At all relevant times, Defendants required Plaintiff to pay kickbacks to Defendants in violation of 29 U.S.C. § 203(m) and 29 C.F.R. § 531.35.

55. Defendants are liable to Plaintiff for all unpaid minimum wages for hours worked during the Relevant Time Period pursuant to 29 U.S.C. § 216(b), in an amount to be determined at a trial.

56. Defendants are also liable to Plaintiff for the full value of all kickbacks that Plaintiff paid to Defendants.

57. Defendants are also liable to Plaintiff for liquidated damages pursuant to 29 U.S.C. § 216(b).

58. Defendants are also liable to Plaintiff for his litigation costs and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

### COUNT TWO - VIOLATION OF 29 U.S.C. §§ 207 AND 215 (OVERTIME WAGES)

59. At all relevant times, Plaintiff was an employee covered by the FLSA and entitled to the maximum hour protections set forth in 29 U.S.C. § 207(a).

60. In numerous workweeks throughout his employment, Defendants have failed to compensate Plaintiff at one-and-one-half times his regular hourly rate for all hours worked in excess of 40 hours per week as required by the FLSA.

61. Defendants are therefore liable to Plaintiff for all unpaid overtime premiums earned during the Relevant Time Period pursuant to 29 U.S.C. § 216(b), in an amount to be determined at a trial.

62. Defendants are also liable to Plaintiff for liquidated damages pursuant to FLSA § 16(b), 29 U.S.C. § 216(b).

63. Defendants are also liable to Plaintiff for his litigation costs and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

### COUNT THREE – FRAUDULENT FILING OF TAX INFORMATION RETURNS IN VIOLATION OF 26 U.S.C. § 7434

64. In 2020, Defendants intentionally, willfully, and fraudulently composed and filed or caused to be filed a fraudulent W2 Form with the IRS which materially misrepresented Plaintiff's earnings during the 2019 tax year.

65. In 2021, Defendants intentionally, willfully, and fraudulently composed and filed or caused to be filed a fraudulent W2 Form with the IRS which materially misrepresented Plaintiff's earnings during the 2020 tax year.

66. Specifically, Defendants filed or caused to be filed IRS Forms W2 that omitted Plaintiff's tips earned in cash and reported only his income earned in credit card tips, as well as his hourly pay of $2.15 per hour.

67. As a consequence of Defendants' willful filing of fraudulent tax information returns, Plaintiff is entitled to recover damages from Defendants, jointly and severally, up to and including any actual damages sustained, or in any event not less than $5,000 per fraudulent filing, as well as his costs of litigation including his reasonable attorneys' fees, pursuant to 26 U.S.C. § 7434.

68. The Court's decision awarding these damages shall include a finding of the correct amount which should have been reported in the fraudulent information returns, as required by 26 U.S.C. § 7434(e).

**WHEREFORE**, Plaintiff requests that this Court:

(a) Take jurisdiction of this matter;

(b) Issue an Order holding each of the Defendants to be an "employer" as that term is defined under the FLSA;

(c) Issue a judgment declaring that Plaintiff was covered by the minimum wage and maximum hour provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(d) Award Plaintiff all unpaid minimum wages for each hour worked during the Relevant Time Period and liquidated damages equaling 100% of his unpaid minimum wages;

(e) Award Plaintiff all unpaid overtime wages for each hour worked in excess of 40 hours per week during the Relevant Time Period and liquidated damages equaling 100% of his unpaid overtime wages;

(f) Award Plaintiff pre-judgment interest on all amounts owed to the extent that liquidated damages are not awarded;

(g) Issue a judgment declaring that Defendants filed or caused to be filed fraudulent tax information returns with respect to Plaintiff's earnings in 2019 and 2020;

(h) Award Plaintiff no less than $5,000 for each instance of fraudulent tax information return filing by Defendants;

(i) Determine the amount of Plaintiff's 2019 and 2020 earnings that should have been reported to the IRS;

(j) Award Plaintiff nominal damages;

(k)   Award Plaintiff his costs of litigation and reasonable attorney's fees;

(l)   Award any and such other further relief this Court deems just, equitable and proper.

This 26th day of May 2021.

                                                      Respectfully submitted,

                                                      **DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

                                                      *s/ Matthew W. Herrington*

| | |
|---|---|
| 101 Marietta Street, NW | Mitchell D. Benjamin |
| Suite 2650 | Georgia Bar No. 049888 |
| Atlanta, Georgia 30303 | Matthew W. Herrington |
| (404) 979-3150 Telephone | Georgia Bar No. 275411 |
| (404) 979-3170 Facsimile | |
| benjamin@dcbflegal.com | |
| matthew.herrington@dcbflegal.com | Counsel for Plaintiff |