IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOVI A. FORTUNO, MICHAEL J. LAMBERT, and HEIDI M. PARSONS, | : | |
| | : | |
| PLAINTIFFS, | : | |
| | : | |
| VS. | : | |
| | : | Civil Action No. 1:21-cv-02217-SCJ |
| YPL ENTERPRISE, LLC D/B/A Q KOREAN STEAKHOUSE and YEN PO LIU, | : | |
| | : | |
| DEFENDANTS. | : | |

## MOTION FOR LIMITED DISCOVERY IN AID OF DEFAULT JUDGMENT AGAINST DEFENDANT YPL ENTERPRISE, LLC

Plaintiffs Jovi A. Fortuno, Michael J. Lambert, and Heidi M. Parsons (collectively "Plaintiffs") move this Court pursuant to Fed. R. Civ. P. 26(d)(1) for leave to conduct limited discovery in aid of a default judgment against Defendant YPL Enterprise, LLC (hereafter "YPL"). In support of this motion, Plaintiffs show the Court as follows:

## PROCEDURAL HISTORY

On May 26, 2021, Plaintiff Jovi A. Fortuno filed this wage and hour case seeking to recover due, but unpaid minimum wage and overtime compensation in the manner required by the FLSA. Fortuno also asserted an additional claim for

fraudulent filing of tax information returns in violation of 26 U.S.C. § 7434. [Dkt. 1] On June 2, 2021, Plaintiff Jovi A. Fortuno filed an Amended Complaint to add Michael J. Lambert, Heidi M. Parsons, and Isabella M. Laffin as Plaintiffs in this action. [Dkt. 7]

In short, Plaintiffs assert that Defendants violated the minimum wage provisions of the FLSA by requiring them—all tipped employees receiving approximately $2.13 per hour—to "kick back" a set percentage of their credit card sales each shift that they worked. [Dkt. 7, pp. 8–9] Plaintiffs also allege that Defendants filed fraudulent tax information returns for them in multiple years, misrepresenting their earnings to the Internal Revenue Service in an attempt to evade employer contributions to Plaintiffs' Social Security and Medicare tax obligations  [Dkt. 7, pp. 10–11]

On June 22, 2021, Defendant YPL Enterprise, LLC, was served with process. [Dkt. 13] YPL failed to answer within 21 days of service and on July 23, 2021, the Clerk entered a default against it. [See Docket] Attempts to serve Individual Defendant Liu has been unsuccessful to date and Plaintiffs are undertaking additional extraordinary efforts to effect service on him before requesting leave to serve him by publication.

Plaintiffs intend to file a motion for default judgment against one or both Defendants, but first need to obtain discovery relating to the amount of Plaintiffs' "kickbacks" paid throughout their employment as well as Plaintiffs' weekly earnings, so that the amount of unpaid minimum wages and reimbursements can be determined with the precision necessary to recover under the FLSA. Plaintiffs are reluctant to attempt to prove their damages based only on their own recollections and the limited documents in their possession. Plaintiffs anticipate that Defendant YPL Enterprise, LLC, possesses complete documents that would permit them to prove their damages with a high degree of accuracy.

**PLAINTIFFS REQUIRE LIMITED DISCOVERY PRIOR TO MOVING FOR A DEFAULT JUDGMENT AGAINST DEFENDANT YPL ENTERPRISE, LLC**

Rule of Civil Procedure 26 prohibits discovery before the Rule 26(f) conference except under certain circumstances, including when a court orders such discovery. Fed. R. Civ. P. 26(d)(1). This Court very recently detailed the requirements for such "expedited discovery" in *Theni Guru Krishna Textile Mills P v. World's Glob. Source*, and to save everyone's time, Plaintiffs will quote its recent order at length:

> The standard for expedited discovery has been stated as follows:
>
> > "Discovery is normally barred prior to the Rule 26(f) conference." <u>Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc.,</u> 2008 U.S. Dist.

LEXIS 27994, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008) (Pizzo, J.); see also Fed. R. Civ. P. 26(d)(1).

Although the Federal Rules do not provide a standard for determining whether expedited discovery under Rule 26(d) is warranted, "courts have generally adopted one of two approaches in determining a party's entitlement to such discovery: (1) the preliminary injunction-style analysis set out in Notaro v. Koch, 95 F.R.D. 403 (S.D.N.Y. 1982) or (2) a general 'good cause' or 'reasonableness' standard which allows expedited discovery when the need for it outweighs the prejudice to the responding party." In re Chiquita Brands International, Inc., 2015 WL 12601043, *3 (S.D. Fla. Apr. 7, 2015) (Marra, J.).

The Eleventh Circuit has not adopted a standard for allowing expedited discovery. However, many district courts within the Eleventh Circuit have expressly used a general good cause standard when confronted with expedited discovery requests. See, e.g., In re Chiquita Brands International, Inc., 2015 WL 112601043 at *4; TracFone Wireless, Inc. v. Holden Property Services LLC, 299 F.R.D. 692 (S.D. Fla. 2014) (Torres, J.); Pulsepoint, Inc. v. 7657030 Canada Inc., 2013 WL 12158589, *1 (S.D. Fla. Oct. 31, 2013) (Matthewman, J.); Nassau Terminals, Inc. v. M/V Bering Sea, 1999 WL 1293476 (M.D. Fla. July 1, 1999) (Corrigan, J.).

. . . .

In determining whether good cause exists, the court should weigh the need for quick discovery against the prejudice to the responding party. See In re Chiquita Brands International, Inc., 2015 WL 112601043 at *4. Good cause may be found where there is "some impelling urgency," or "hazard of loss," requiring action to be "taken forthwith." See GE Seaco Servs., Ltd. v. Interline Connection, N.V., 2010 U.S. Dist. LEXIS 35367, 2010 WL 1027408, at *1 (S.D. Fla. Mar. 18, 2010) (Seitz, J.) (citations omitted).

Fed. Trade Comm'n v. On Point Glob. LLC, No. 19-25046-CIV, 2020 U.S. Dist. LEXIS 83, 2020 WL 32996, at *1 (S.D. Fla. Jan. 2, 2020)

It has also been held that the Court should consider the following factors in deciding whether a party has shown good cause for expedited discovery: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made." Thyssenkrupp Elevator Corp. v. Hubbard, No. 2:13-CV-202-FTM-29, 2013 U.S. Dist. LEXIS 66949, 2013 WL 1953346, at *1 (M.D. Fla. May 10, 2013) (citations omitted).

A district court has discretion to order expedited discovery if the party seeking it establishes good cause for such discovery. Centennial Bank v. ServisFirst Bank Inc., No. 8:16-CV-88-T-36JSS, 2016 WL 7376655, at *2 (M.D. Fla. Jan. 29, 2016) (citations omitted).

No. 1:16-CV-1482-SCJ, 2021 U.S. Dist. LEXIS 120289, at *12-14 (N.D. Ga. Feb. 17, 2021).

While Plaintiffs have been unable to find authority from *this* District relating to expedited damages discovery in the context of a forthcoming motion default judgment, other federal courts have considered the issue and permitted it. *See, e.g.*, *Sheridan v. Oak Street Mortg., LLC*, 244 F.R.D. 520, 522 (E.D. Wis. 2007) (authorizing the plaintiff to seek limited discovery from defaulting defendant because, "absent limited discovery to obtain information relevant to the issues of class certification and damages, [the plaintiff] cannot pursue his claims in this action. Since [the defendant] has not appeared in this action and is in default, [the plaintiff] is effectively precluded from engaging in a Rule 26(f) conference."); *see also Twitch Interactive, Inc. v. Johnston*, No. 16-cv-03404, 2017 WL 1133520, at

5

*2 (N.D. Cal. Mar. 27, 2017) ("Good cause may also exist in cases where a defendant has failed to appear, resulting in the entry of default against the defendant, and the plaintiff is in need of evidence to establish damages."); *Alstom Power, Inc. v. Graham*, No. 3:15-cv-174, 2016 WL 354754, at *3 (E.D. Va. Jan. 27, 2016) (permitting discovery before the filing of a motion for default judgment because doing so "best serves judicial economy" where the plaintiff "will have to make the appropriate showing of damages in its eventual motion for default judgment"); *Nutrition Distrib. LLC v. Ironx LLC*, No.: 17-CV-839, 2017 WL 4391709, at *2 (S.D. Cal. Oct. 3, 2017) (granting the plaintiff leave to conduct "discovery to ascertain the existence and amount of damages" after the entry of default and in connection with the plaintiff's forthcoming motion for default judgment).

Here, it is self-evident from the nature of Plaintiffs' allegations that it would be extremely difficult to establish their damages without reference to records of (1) Plaintiffs' hours worked, (2) the credit card sales that Plaintiffs made during each shift, and (3) the amount of kickbacks that Plaintiffs paid to Defendants each shift. Those records are in possession of Defendants, Plaintiffs' employers, and without the ability to conduct discovery on the above-enumerated issues, Plaintiffs have no meaningful way of establishing their precise damages.

Moreover, no factors that would weigh against permitting expedited discovery are present. The breadth of discovery sought is limited, the burden on Defendants to comply is no greater than it would be had they engaged in discovery under normal circumstances, and the expedited discovery period would begin after the time that discovery *would have* begun had Defendant YPL timely filed an answer. *See* Thyssenkrupp Elevator Corp., No. 2:13-CV-202-FTM-29, 2013 U.S. Dist. LEXIS 66949, 2013 WL 1953346, at *1 (M.D. Fla. May 10, 2013).

Thus, Plaintiffs have shown that good cause exists to permit them to engage in limited expedited discovery on the topics of (1) their hours worked, (2) the credit card sales that they made during each shift, and (3) the amount of kickbacks that they paid to Defendants each shift. Plaintiffs therefore **request a 60-day expedited discovery period** to serve written discovery on these topics and, if necessary, conduct depositions.

WHEREFORE, Plaintiffs Jovi A. Fortuno, Michael J. Lambert, and Heidi M. Parsons respectfully request that the Court grant this Motion and them to conduct limited expedited discovery relating to their damages in anticipation of their forthcoming motion for default judgment.

Dated: August 11, 2021

**DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN, LLC**

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Ga. Bar No. 275411
Mitchell D. Benjamin
Ga. Bar No. 049888

Counsel for Plaintiffs

101 Marietta Street, Suite 2650
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
matthew.herrington@dcbflegal.com
benjamin@dcbflegal.com

## Certification of Counsel

Pursuant to LR. 7.1D NDGa, the undersigned counsel certifies that the foregoing brief was prepared using Times New Roman (14 point), one of the fonts and point selections approved by the Court in LR 5.1C NDGa.

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **JOVI A. FORTUNO et al.,** | : | |
| | : | |
| **PLAINTIFFS,** | : | |
| | : | |
| **VS.** | : | Civil Action No. 1:21-cv-02217-SCJ |
| | : | |
| **YPL ENTERPRISE, LLC et al.,** | : | |
| | : | |
| **DEFENDANTS.** | : | |

---

### CERTIFICATE OF SERVICE

The undersigned counsel certifies that on this day he served **Plaintiffs' Motion For Limited Discovery In Aid Of Default Judgment Against Defendant YPL Enterprise, LLC**, by placing the same in the United Stated Mail, postage prepaid, and addressed as follows:

YPL Enterprise, LLC
c/o Yen Po Liu, Registered Agent
7435 Ledgewood Way
Suwanee, Georgia 30024

YPL Enterprise, LLC
270 Rucker Road, Suite 115
Alpharetta, GA 30004

Dated: August 11, 2021

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411