IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOVI A. FORTUNO, MICHAEL J. LAMBERT, and HEIDI M. PARSONS,<br><br>**Plaintiffs,**<br><br>vs.<br><br>YPL ENTERPRISE, LLC d/b/a Q Korean Steakhouse and YEN PO LIU,<br><br>**Defendants.** | Civil Action No. 1:21-cv-2217-SCJ |

## MOTION FOR CONTEMPT

Plaintiffs Jovi A. Fortuno, Michael J. Lambert, and Heidi M. Parsons, by and through the undersigned counsel, moves this Honorable Court to find Defendants YPL Enterprsie, LLC d/b/a Q Korean Steakhouse and Yen Po Liu to be in contempt of court for failure to comply with this Court's Order [Dkt. 27] requiring that they serve responses to Plaintiff's discovery requests and to appear at a deposition. In support of this Motion, Plaintiffs show the Court as follows:

### I. INTRODUCTION

1. Plaintiffs bring claims under (1) the Fair Labor Standards Act to recover allegedly unpaid minimum and overtime wages and (2) 26 U.S.C. § 7434 for the allegedly fraudulent filing of tax returns. Doc. No. [7] ¶¶ 1–2. To date,

       neither Defendant has answered or otherwise responded to Plaintiffs' pleadings, and the Clerk has entered default against both Defendants. See, Minute Orders, July 23, 2021 and Sept. 29, 2021.

2. On October 15, 2021, the Court granted Plaintiffs leave to conduct limited damages discovery in aid of their planned motion for default judgment. Doc. No. 20.

3. On October 18, 2021, Plaintiffs served Requests for Production of Documents on Defendant YPL. [Dkt. 21] The responses thereto were due to be served on Plaintiffs no later than Monday, November 22, 2021, but no responses were served.

4. Additionally, Plaintiffs noticed the deposition of Defendant Liu for Monday, November 1, 2021, inviting him to appear electronically if he so desired. Plaintiffs received no response from Mr. Liu and he did not appear for the deposition.

5. Plaintiffs eventually moved for an order compelling Defendant YPL Enterprise, LLC, to respond to Plaintiff's written discovery Requests and compelling Defendant Yen Po Liu to appear for a deposition.

6. Following a telephonic hearing, the Court granted that motion to compel on January 21, 2022. [Dkt. 27]

7. Despite the Court's order, to date neither Defendant has complied with the Court's Order to engage in discovery.

8. Having no alternative, Plaintiffs now move for an order of contempt as to both Defendants.

## II. ARGUMENT AND AUTHORITY

### A. The Court's Power of Contempt

Rule 37(b) of the Federal Rules of Civil Procedure provides that a district court may impose sanctions for failure to comply with discovery orders. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 695, 102 S. Ct. 2099, 2100 (1982); *see* Fed. R. Civ. P. 37(b). One of the sanctions a district court may impose under Rule 37 is "an order treating as contempt of court the failure to obey any orders." Fed. R. Civ. P. 37(b). "Courts . . . have embraced an inherent contempt authority" that encompasses the ability to impose civil and criminal contempt. *Int'l Union, UMW v. Bagwell*, 512 U.S. 821, 830, 114 S. Ct. 2552, 2559 (1994). "[A] contempt sanction is considered civil if it 'is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court.' " *Id*. at 827-28, 114 S. Ct. at 2557 (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441, 31 S. Ct. 492, 498 (1911). Civil contempt "may be imposed in an ordinary civil proceeding upon

notice and an opportunity to be heard." *Id*. A finding of a failure to comply with discovery orders is a finding of civil contempt. *Id*. at 833, 114 S. Ct. at 2560.

### B. Standard of Proof and Burden Shifting

A finding of civil contempt—that is, willful disregard of the authority of this Court—must be supported by clear and convincing evidence. *Georgia Power Co. v. NLRB*, 484 F.3d 1288, 1290 (11th Cir. 2007); *Riccard v. Prudential Ins. Co. of Am.*, 307 F.3d 1277, 1296 (11th Cir. 2002). The clear and convincing evidence must establish that (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order. *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000). Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order. *United States v. Rylander*, 460 U.S. 752, 757 (1983).

### C. Available Remedies for Contempt

"Civil contempt is designed to force the contemnor to comply with an order of the court." *Cunningham v. Hamilton County, Ohio,* 527 U.S. 198, 207, 119 S.Ct. 1915, 1921 (1999) (citation omitted). A sanction for civil contempt should be remedial, and for the benefit of the complainant. *Serra Chevrolet, Inc. v. General*

*Motors Corp.,* 446 F.3d 1137, 1147 (11th Cir. 2006). "District courts are afforded wide discretion in fashioning an equitable remedy for civil contempt." *McGregor v. Chierico,* 206 F.3d 1378, 1385 n. 5 (11th Cir. 2000) (citation omitted). "The sanctions may serve to either (1) coerce the contemnor to comply with a court order, or (2) compensate a party for losses suffered as a result of the contemnor's act." *Id.* (citations omitted). "Where compensation is intended, … [s]uch fine must of course be based upon evidence of complainant's actual loss . . . ." *United States v. United Mine Workers of America,* 330 U.S. 258, 304, 67 S. Ct. 677 (1947) (footnote omitted). Attorney's fees and costs may be awarded in civil contempt actions. *See Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 447, 31 S. Ct. 492 (1911); *Redken Lab, Inc. v. Levin*, 843 F.2d 226, 230 (6th Cir. 1988); *McComb v. Norris*, 177 F.2d 357, 360 (4th Cir. 1969).

The Court may also order fines until such time as its order is obeyed. *See, e.g., Shillitani v. United States*, 384 U.S. 364, 86 S. Ct. 1531 (1966); *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441-442, 31 S. Ct. 492 (1911); *Perez v. Koresko*, 86 F. Supp. 3d 293, 2015 WL 505471 at *10 (E.D. Pa. 2015); *Marshall v. E & M Sand Co.*, No. 76-C-23, 1980 U.S. Dist. LEXIS 15055, 1980 WL 2107, at *1 (S.D. Tex. Oct. 8, 1980); *Dunlop v. Tulsa Bldg. Supply, Inc.*, No. 73-C-243, 1975 U.S. Dist. LEXIS 14666, 1975 WL 1208, at *1 (N.D. Okla. Dec. 23, 1975);

*Hodgson v. Dover*, No. A-72-46, 1974 U.S. Dist. LEXIS 7980, 1974 WL 1243, at *2 (W.D.N.C. June 21, 1974). Indeed, in this Court, Judge Cohen very recently imposed "a civil penalty of $100.00 for each day . . . that they fail[ed] to comply with th[e] Court's [post-judgment discovery] Order." *Strowder v. Dean's Wire for Hire, LLC et al.*, 1:20-cv-1054-MHC, Dkt. 35 (N.D. Ga. April 11, 2022).

### D.  Analysis

In this case, the evidence is clear that the Court has issued a valid and lawful order requiring compliance with Defendants' discovery obligations, that the order requiring compliance was clear and unambiguous, and that Defendants have the ability to comply but have not done so. Defendants have made no attempt to communicate with Plaintiff's counsel since the Court issued its Order. At this point, an order of contempt is both warranted and necessary to ensure that Defendants fulfill their discovery obligations and permit Plaintiffs to finally achieve resolution of this action.

Plaintiffs therefore respectfully request that the Court hold both Defendants in contempt and schedule a hearing as to this Motion.

### III.  CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court schedule a telephonic hearing on this Motion, ORDER Defendants to appear at that hearing

and show cause when they should not be held in contempt, and upon affording Defendants an opportunity to be heard, hold Defendants in contempt and award Plaintiff her reasonable attorney's fees and costs incurred in bringing this Motion, a civil penalty of $100 per day until Defendants cure their discovery violations, as well as all further relief the Court deems necessary and proper.

This 14th day of April 2022,

                                                                    Respectfully submitted,

                                                                    **DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

|  |  |
|---|---|
|  | */s/ Matthew W. Herrington* |
| 101 Marietta Street, NW | Charles R. Bridgers |
| Suite 2650 | Georgia Bar No. 080791 |
| Atlanta, Georgia 30303 | Matthew W. Herrington |
| (404) 979-3150 Telephone | Georgia Bar No. 275411 |
| (404) 979-3170 Facsimile |  |
| charlesbridgers@dcbflegal.com | Attorneys for Plaintiffs |
| matthew.herrington@dcbflegal.com |  |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1 NDGa, the undersigned counsel certifies that that the foregoing brief was prepared using 14 point, Times New Roman Font, one of the point and font selections approved by the Court in LR 5.1 NDGa.

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JOVI A. FORTUNO, MICHAEL J. LAMBERT, and HEIDI M. PARSONS,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**YPL ENTERPRISE, LLC d/b/a Q Korean Steakhouse and YEN PO LIU,**<br><br>**Defendants.** | Civil Action No. 1:21-cv-2217-SCJ |

## CERTIFICATE OF SERVICE

Pursuant to L.R. 26.3(a), I hereby certify that I have this day caused to be served a copy of Plaintiffs' First Requests for Production of Documents by First-Class U.S. Mail, postage prepaid, upon:

YPL Enterprise, LLC
c/o Yen Po Liu, Registered Agent
7435 Ledgewood Way
Suwanee, Georgia 30024

Yen Po Liu
872 Buford Road
Cumming, GA 30041

and by electronic mail upon:

Yen Po Liu (hsuehliu219@gmail.com)

9

Dated: April 14, 2022

*s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411