IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOVI A. FORTUNO, MICHAEL J. LAMBERT, and HEIDI M. PARSONS,<br><br>Plaintiffs,<br><br>vs.<br><br>YPL ENTERPRISE, LLC, d/b/a Q Korean Steakhouse and YEN PO LIU,<br><br>Defendants. | Civil Action No. 1:21-cv-2217-SCJ |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Plaintiffs Jovi A. Fortuno, Michael J. Lambert, and Heidi M. Parsons submit this Reply in Support of their Motion for Default Judgment [Dkt. 40], showing the Court as follows:

**DEFENDANTS DO NOT CHALLENGE THE SUBSTANCE OF PLAINTIFFS' MOTION**

In their Response, Defendants have not challenged the substance of any portion of Plaintiffs' Motion for Default Judgment, instead merely arguing that the Court should lift the clerk's defaults that were entered in this case well over a year ago. Plaintiffs assume that the Court will treat Defendants' Response as a Motion to Lift Default and will thus use this Reply to address only that argument.

**DEFENDANTS' DEFAULT WAS NOT CAUSED BY THEIR FORMER COUNSEL**

In their Response [Dkt. 41], Defendants blame their default on their former counsel's negligence ("gross negligence and ineffective assistance of counsel" [*sic*]). However, to make this argument, Defendants had to disregard the actual procedural history of this case. In reality, Defendants' defaults *could not have occurred* as the result of any action or inaction by their former attorneys because they defaulted long before they had any attorney appear on their behalf.[1]

Whatever errors their former counsel may have later made, the initial failure to answer the lawsuit for well over half a year, to respond to Plaintiffs' limited discovery requests, to appear for a properly noticed deposition, and to comply even after the Court ordered them to engage in discovery were *all done when Defendants were unrepresented*. In fact, it was only the *threat of contempt* that finally motivated Defendants to retain their former counsel and participate in this litigation.[2] At most, any action or inaction by Defendants' former counsel merely extended Defendants' default for a few months; it did not cause it.

It is also not clear from the conclusory allegations made by Defendants that their continued default after being represented was actually the result of a mistake

---

[1] Defendant YPL was served on June 22, 2021. [Dkt. 13] Defendant Liu *waived service*; the waiver was mailed on July 30, 2021. [Dkt. 16] The Clerk entered a default against them on July 23, 2021, and September 29, 2021. [See Docket] Defendants' former counsel first appeared on May 11, 2022. [Dkt. 31]

[2] Exhibit 1 (Declaration of Matthew W. Herrington), ¶ 4 (Defendants retained their former counsel no more than 12 days after the contempt motion [Dkt. 30] was filed on April 14, 2022).

by either Defendants or their former counsel. Instead, it appears that their continued default was likely strategic and thus entirely willful.

Defendants did not respond to Plaintiffs' Complaint, to discovery requests, or to a motion to compel, despite receiving service copies of every filing in this case. It was only after Plaintiffs threatened them with contempt that Defendants took any action at all.[3] Defendants moved for an extension of time to respond to the contempt motion,[4] and later joined Plaintiffs in a request for an extension of time to either file a joint settlement motion of for Plaintiffs to file a motion for default judgment.[5] In the Status Report of September 19th, Plaintiffs also explicitly stated that they would file a motion for default judgment if settlement negotiations were not successful.[6]

Defendants and their former counsel appear to have believed that damages in this minimum wage case would be . . . *minimal*. And based on that mistaken belief, they forewent litigating on the merits (or even answering), presumably attempting to save on attorney's fees. Then, after Plaintiffs finalized their damages

---

[3] The Motion for Contempt was filed on April 14, 2022 [Dkt. 30] Attorney Lu Wang appeared on Defendants' behalf on May 11, 2022. [Dkt. 31-1]
[4] Dkt. 31 (Motion for Extension of Time to File Response to Motion for Contempt).
[5] Dkt. 38 (Consent Motion for Extension of Time to File Motion for Approval of Settlement or Motion for Default Judgment).
[6] Dkt. 31 (Status Report).

calculations, Defendants immediately tried to undo the default that they had spent more than a year ignoring.[7]

And even if Defendants' former counsel did not act strategically in permitting the default to remain in place, it is still the law that, as a general principle, an attorney's acts may be attributed to his clients, even if the attorney is responsible for a default. *See Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 936 (11th Cir. 2007). While *affirmative misrepresentations* by a defaulting defendant's negligent counsel can demonstrate a lack of the defendant's willfulness, *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170–71 (9th Cir. 2002), a defaulting defendant "cannot simply shift the blame" to its attorney to "obtain relief from the default judgment" without providing "specific" information. *Sloss Indus. Corp.*, 488 F.3d at 935–36; *see also Ervin v. Wilkinson*, 701 F.2d 59, 61–62 (7th Cir. 1983); *United States v. Polynice*, No. 21-cv-24243, 2022 U.S. Dist. LEXIS 115256, at *8 (S.D. Fla. June 29, 2022).

Defendants bemoan the presumed incompetence of their former counsel, but offer *zero evidence* of how they came to default and why they did not cure the default for so long. Defendants cannot carry their *affirmative burden* without such specific evidence. Because no other plausible basis for excusing the default has been shown, the Court must hold *Defendants* responsible for it.

---

[7] Exhibit 1 at ¶¶ 5–6.

**DEFENDANTS ARE NOT ENTITLED TO SET ASIDE THEIR DEFAULT**

The "good cause" showing required to set aside an entry of default "is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951–52 (11th Cir. 1996) (quotations and citations omitted). Courts may also consider "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id.* (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir.1992)). "However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Id.* (citing *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194-95 (6th Cir.1986)).

The defaulting party bears the burden of establishing good cause. *Sherrard v. Macy's Sys. & Tech., Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018) (citing *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999)). As with all motions, "arguments in briefs are not evidence" and when a party presents only bare allegations in support of its motion, the correct course of action is to disregard those allegations. *State Farm Fire & Cas. Co. v. Lacks*, 840 F.

Supp. 2d 1292, 1297 (M.D. Ala. 2012) (citing *Vega v. Invsco Group, Ltd.*, 432 F. App'x 867, 872 (11th Cir. 2011)).

"While default is disfavored, at the same time, [t]he threat of default (and default judgment) is the court's primary means of compelling defendants in civil cases to appear before the court. If these defaults could be put aside without cause, the threat of default would be meaningless, and courts would lose much of their power to compel participation by civil defendants." *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1203 (11th Cir. 1999).

### 1.     *Defendants' Default was Culpable and Willful*

"[W]hen the court finds an intentional failure of responsive pleadings there need be no other finding" to maintain a default. *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992). And as the Eleventh Circuit has observed:

> Most failures to follow court orders are not "willful" in the sense of flaunting an intentional disrespect for the judicial process. However, when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful.

*Compania Interamericana Exp.-Import, S.A.*, 88 F.3d at 952.

The fact that Defendant Liu is a Korean immigrant is not as helpful as he would like this Court to believe. For one, Mr. Liu has lived in the U.S. since 1986,[8] merely five years less than the undersigned counsel has been alive—and longer than any of the Plaintiffs have been alive. Liu is the sole owner of YPL.[9] He is the

---

[8] Dkt. 43 (Deposition of Yen Po Liu Vol. I) at 16:16–18.
[9] Dkt. 43 at 17:25 to 18:4.

final decisionmaker and for the company.[10] Yet Mr. Liu never consulted an attorney about his obligations under the FLSA or his scheme to impose 4% fees on his employees for their credit card sales.[11] He did not even know the precise amount of the illegal credit card fees imposed on employees at the Columbus location[12]—and it is from these fees alone that the entire FLSA violation arose. He pays some workers in cash without a paycheck because they have no ID and cannot legally work in the U.S.[13] He is more interested in playing golf than managing his businesses and ensuring that they comply with federal (or any other) law.[14]

Even assuming that their former counsel were negligent (rather than strategic), Defendants cannot claim misplaced reliance on them because that requires a diligent, conscientious client, *see United States v. Dimucci*, 110 F.R.D. 263 (7th Cir. 1989), and there is no evidence that Defendants exercised any degree of diligence until two weeks ago.

Based on actual evidence presently before the Court, it appears entirely plausible that Defendants' failure to file an Answer or otherwise engage in this litigation was based on a belief that this "minimum wage" case was low value, not understanding the severe consequences of violating tip credit rules. Defendants

---

[10] Dkt. 44 (Deposition of Yen Po Liu Vol. II) at 6:7–9 (page numbers in the second volume of Defendant Liu's deposition refer to the ECF page stamp, not the original page numbers).
[11] Dkt. 44 at 14:3–10.
[12] Dkt. 44 at 9:19 to 10:6.
[13] Dkt. 44 at 38:25 to 39:8.
[14] Dkt. 44 at 30:1–16, 33:3–18.

simply did not take the case seriously until they faced the precise consequences of their FLSA violations expressed in dollars and cents. Defendants have provided no evidence suggesting otherwise.

### 2. *Setting Aside Defendants' Default Would Prejudice Plaintiffs*

Defendants fault Plaintiffs for failing to prove that they would be prejudiced if the Court *set aside* Defendants' default. Dkt. 41, pg. 9. At the risk of stating the obvious: Plaintiffs' Motion for Default Judgment did not address criteria for *setting aside* a default because those criteria were not at issue in *their* motion.

Plaintiffs can indeed show that the delay caused by Defendants' default would prejudice them. Defendants' default has required Plaintiffs to undertake extraordinary efforts just to get to the point of being able to file a default motion. They first had to file a motion for leave to conduct limited discovery, then a motion to compel when Defendants ignored their discovery requests and deposition notice, and a motion for contempt, which finally spurred Defendants into participating in this case. As shown in the attached declaration of Plaintiffs' counsel, these efforts required 52.1 hours of attorney time,[15] with accrued post-default attorney's fees of $20,344.20[16] and post-default costs of $1,404.43.[17] If Defendants' default is set aside, Plaintiffs would have to go through discovery a second time on non-damages issues, resulting in additional expenses that would not have been

---

[15] Exhibit 1 at ¶ 7.
[16] Exhibit 1 at ¶ 7.
[17] Exhibit 1 at ¶ 8.

necessary absent Defendants' default and stubborn refusal to participate in discovery and comply with Court orders and universal procedural rules.

### 3. *Defendants Have Not Presented Any Meritorious Defenses*

"The showing of a meritorious defense is accomplished when allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *United States v. Props. Described in Complaints: 764 Rochelle Drive*, 612 F. Supp. 465, 469 (N.D. Ga. 1984) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

While Defendants' burden is minimal, this is not the same as *no burden*. Mere conclusory statements without a recitation of specific facts supporting a defaulting party's defenses or bare legal conclusions are insufficient to evidence a meritorious defense. *United States v. Props. Described in Complaints: 764 Rochelle Drive*, 612 F. Supp. 465, 469 (N.D. Ga. 1984); *see also Sherrard v. Macy's Sys. & Tech., Inc.*, No. 1:16-cv-3322-CC-CMS, 2016 U.S. Dist. LEXIS 194029, at *5–6 (N.D. Ga. Nov. 1, 2016) (R&R adopted in *Sherrard v. Macy's Sys. & Tech., Inc.*, 2016 U.S. Dist. LEXIS 194030 (N.D. Ga., Dec. 8, 2016)) (citing *Wehrs v. Wells*, 688 F.3d 886, 890–91 (7th Cir. 2012); *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 120-22 (5th Cir. 2008); *Sony Corp. v. Elm State Elec., Inc.*, 800 F.2d 317, 320–321 (2d Cir. 1986); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984); *Acosta v. DT&C Glob. Mgmt., LLC*, 874 F.3d 557, 561–562 (7th

Cir. 2017) (per curiam); *Stephenson v. El-Batrawi*, 524 F.3d 907, 915 (8th Cir. 2008); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001).

Defendants have provided *nothing at all* in the way of *specific* facts constituting *complete* defenses that have even a hint of merit. Instead, in their proposed Answer, Defendants allege:

- " Plaintiffs' Complaint fails to state a claim upon which relief can be granted."
- ". . . Plaintiffs were properly paid all amounts allegedly due and owing . . ."
- "Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, unclean hands, and/or estoppel."
- "Plaintiffs failed to mitigate damages."
- "Any act or omission of Defendants was committed in good faith . . ."

None of these affirmative defenses are supported by any facts and all are patently frivolous here. Plaintiffs have already shown in their Motion for Default Judgment that their Amended Complaint satisfied the pleading standards of Rule 8. The equitable defenses that Defendants raised are legally improper in an FLSA action (except for waiver, which cannot be accomplished with DOL or Court approval). And while a good faith affirmative defense could conceivably prevent an award of liquidated damages, it is not a *complete* defense.[18] And of course, none of Defendants' affirmative defenses touch upon Plaintiffs' 27 U.S.C. § 7434 claims.

---

[18] *See* 29 U.S.C. § 260. Moreover, Defendants' "good faith" defense is clearly undermined by Defendant Liu's own deposition testimony, discussed above.

Throughout the remainder of their proposed Answer, Defendants admit or deny a few factual allegations, but most of the time, they just claim lack of knowledge or improperly object and then begrudgingly state, without elaboration, "to the extent that a response is required, denied." As a result, Plaintiffs cannot even begin to guess what Defendants might argue if this case were litigated. Thus, Defendants have presented no complete defenses supported by specific facts that could fairly be called "meritorious" even under the extremely low standard required.

### 4. *The Public Interest Is Not Implicated*

Plaintiffs do not contend that the public interest is directly implicated by Defendants' default more so than in other litigation between private parties.

### 5. *A Default Judgment Will Cause a Significant Financial Loss to Defendants*

Plaintiffs do not deny that a default judgment in this action would result in a significant financial loss to Defendants. However, Plaintiffs would ask that the Court not accept at face value Defendants' dramatic assertions in Defendant Liu's Declaration and in their Response. Defendant Liu stated that if Plaintiffs prevail in their Motion, his "business will not survive," providing absolutely no evidence that would support that conclusion. Moreover, in their Response, Defendants cite Mr. Liu's declaration for facts that have no factual support in the declaration. Dkt. 41, pg. 11; Dkt. 41-1, ¶16. The Court should not accept on faith that Defendants' financial ruin is assured in the absence of actual non-conclusory evidence. *See, e.g.*, *Colon v. Kissimmee B-Logistic Serv.*, No. 6:15-cv-733-Orl-40KRS, 2015 U.S.

Dist. LEXIS 195851, at *5–6 (M.D. Fla. Aug. 19, 2015) ("While Kissimmee argues that the financial loss 'could be devastating' to the small company . . . this Court lacks adequate information to evaluate the potential financial loss. This factor is neutral.")

### 6. *Defendants Did Not Act Promptly to Correct Their Default*

As previously noted, in arguing that they acted promptly to cure their default, Defendants have been forced to pretend that nothing happened in this case for nearly a year and a half before they retained their present counsel two weeks ago.

In reality, Defendants defaulted and disobeyed court orders for around 9 months before retaining counsel, and then didn't seek to set aside the default for several more months. That is not "prompt" action by any conceivable standard. *See In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("Although Dierschke's counsel acted promptly after being notified of the hearing on attorney's fees, considering his client's conduct, the court's refusal to set aside the default was not an abuse of discretion."); *see also Dow Chemical Pacific, Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329 (2d Cir. 1986) (moving 7 months after learning of default was unreasonable); *Jack Gray Transport, Inc. v. Shaw*, 105 F.R.D. 485 (N.D. Ill. 1984) (moving under 4 months after receiving post-judgment discovery was not prompt).

### ALTERNATIVE RELIEF

While Plaintiffs strongly oppose Defendants' request to set aside their default, should the Court decide to do so, Plaintiffs respectfully request alternative relief,

namely, (1) strike all affirmative defenses (most importantly, good faith, which is the only defense raised applicable to this FLSA action), and (2) award Plaintiffs all fees and costs incurred as a result of Defendants' uncured default. Ample authority exists for imposing such conditions. *See, e.g., Corso v. First Frontier Holdings, Inc.*, 205 F.R.D. 420, 421 (S.D.N.Y. 2001); *In re Arthur Treacher's Franchisee Litig.*, 92 F.R.D. 398, 418–419 (E.D. Pa. 1981); *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546–1547 (9th Cir. 1988); *Gilmore v. Palestinian Interim Self-Government Auth.*, 843 F.3d 958 (D.C. Cir. 2016); *Siegmund v. Bian*, No. 16-62506-CIV, 2019 U.S. Dist. LEXIS 19349, at *11 (S.D. Fla. Feb. 6, 2019) ("entry of a default judgment . . . or the striking of . . . affirmative defenses are appropriate sanctions against parties who repeatedly fail to appear for their depositions and fail to comply with multiple court orders . . . .").

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court enter a Default Judgment in their favor against Defendants YPL Enterprise, Inc. and Yen Po Liu, jointly and severally in the amounts enumerated in Plaintiff's Motion. Plaintiffs further request 14 days to file a fee petition with the Court upon issuance of a default judgment.

Respectfully submitted this 17th day of November 2022.

**DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN, LLC**

101 Marietta Street NW
Suite 2650
Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

*s/ Matthew W. Herrington*
Charles R. Bridgers
Georgia Bar No. 080791
Matthew W. Herrington
Georgia Bar No. 275411

Counsel for Plaintiffs

## **CERTIFICATION OF COUNSEL**

Pursuant to Local Rule 7.1 NDGa, the undersigned attorney certifies that the foregoing brief was prepared with Time New Roman (14 point), one of the fonts and point selections approved by the Court in LR 5.1C NDGa.

*s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411